1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

10

## EASTERN DISTRICT OF CALIFORNIA

11

12
LEONARD BROWN,

13
            Plaintiff,

14
    v.

15
U.S. DEPARTMENT OF JUSTICE,

16
            Defendant.

17
_____/

Case No.  1:13-cv-01122-LJO-SKO

**ORDER AUTHORIZING SERVICE OF COMPLAINT ON DEFENDANT**

**ORDER DIRECTING CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS**

18

19

## I.  INTRODUCTION

20
     On July 19, 2013, Plaintiff Leonard Brown ("Plaintiff") filed a complaint against the

21
Department of Justice, Drug Enforcement Administration[1] seeking access to unredacted

22

23
[1]  Plaintiff names as a single defendant the U.S. Department of Justice, Drug Enforcement Administration.  The Freedom of Information Act ("FOIA") provides a limited waiver of the federal government's immunity for district

24
courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  *See* 5 U.S.C. § 552(a)(4)(B).  An "agency" is defined as "any executed department, military department, Government corporation, Government controlled corporation, or other establishment

25
in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."  5 U.S.C. § 552(f).  The Drug Enforcement Agency ("DEA") is a departmental component of the

26
Department of Justice ("DOJ"), and it is not an "agency" that can be sued under FOIA.  The DOJ, which is a cabinet-level Department within the Executive Branch and which is the entity that promulgated and enforces the regulations

27
and procedures that govern its components' decisions, is the pertinent agency within the meaning of 5 U.S.C. § 552(f).  As such, DOJ is the only proper defendant.  Plaintiff does not identify the DOJ and the DEA as separate defendants.

28
For these reasons, the Court construes Plaintiff's complaint as one naming a single defendant, the DOJ.

documents pursuant to 5 U.S.C. § 552(a)(4)(B).   Plaintiff is currently incarcerated and is proceeding *in forma pauperis* and pro se.   For the reasons set forth below, Plaintiff's complaint states a cognizable claim for access to agency documents pursuant to the FOIA.

## II.   BACKGROUND

Plaintiff alleges that on December 27, 2012, he filed a FOIA request addressed to the DEA.   Plaintiff requested a copy of an unredacted January 13, 2004, "DEA-6 report of investigation pertaining to the proffer of government [] witness Hilliard Hughes."  (Doc. 2, p. 3.) Plaintiff provided the DEA with a copy of the redacted January 13, 2004, report of investigation.

On January 28, 2013, Plaintiff received a letter from the DEA FOIA Records Management Section informing him of the DEA's denial of his FOIA request.   On February 14, 2013, Plaintiff filed an appeal to the Office of Information Policy.   On March 5, 2013, he received a letter from the Office of Information Policy informing him of an appeal number.   On June 26, 2013, Plaintiff received a letter from the Office of Information Policy, which affirmed on "modified grounds," the DEA's denial of Plaintiff's FOIA request pursuant to 5 U.S.C. §552(b)(7)(C).  (Doc. 2, p. 3.)

## III.   DISCUSSION

**A.      Legal Standard**

"FOIA entitles private citizens to access government records."  *Minier v. Cent. Intelligence Agency*, 88 F.3d 796, 800 (9th Cir. 1996).   "The Supreme Court has interpreted the disclosure provisions broadly, noting that the act was animated by a 'philosophy of full agency disclosure.'"  *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)).  FOIA, however, contains nine exemptions which a government agency may invoke to protect certain documents from public disclosure.  *See id.*   "Unlike the disclosure provisions of FOIA, its statutory exemptions 'must be narrowly construed.'"  *Id.* (internal quotation and citation omitted).

The agencies resisting public disclosure have "the burden of proving the applicability of an exemption."  *Minier*, 88 F.3d at 800.   "That burden remains with the agency when it seeks to justify the redaction of identifying information in a particular document as well as when it seeks to withhold an entire document."  *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  An agency

2

"may meet its burden by submitting a detailed affidavit showing that the information logically falls within the claimed exemptions." *Minier*, 88 F.3d at 800 (internal quotation marks and citations omitted).

**B.      Screening Standard**

Title 28 of the United States Code, Section 1915A provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(b)(1)-(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.   Plaintiff's Complaint States a Cognizable Claim under FOIA**

Pursuant to 5 U.S.C. § 552(a)(4)(B),

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant . . . . .

Here, Plaintiff alleges that the DEA improperly redacted information in a January 13, 2004, "DEA-6 report of investigation."  Plaintiff asserts that the agency's claimed exemption for the redaction pursuant to 5 U.S.C. § 552(b)(7)(C) does not apply because the disclosure would not reasonably be expected to constitute a clearly unwarranted invasion of personal privacy.  Plaintiff also contends that the DEA has failed to demonstrate how the disclosure of the documents could be expected to constitute an invasion of privacy because it failed to provide a *Vaughn* index that adequately describes each redaction, states the exemption claimed for reach redaction, and the reason why the exemption is relevant.  (Doc. 2, p. 4.)  Because Plaintiff has requested and has been denied access to unredacted agency documents, Plaintiff has pled a cognizable claim under the FOIA for full disclosure of requested agency documents.

As to FOIA's exhaustion requirement, Plaintiff has alleged that he completed the appeal process, but his request was denied. *See* 28 C.F.R. §§ 16.6, 16.9.  Thus, currently the Court has no facts before it to conclude that it lacks subject matter jurisdiction. *See In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) ("Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine.").

## IV.   CONCLUSION AND ORDER

Plaintiff's claim against DOJ for access to unredacted documents pursuant to FOIA is cognizable.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court is DIRECTED to send Plaintiff a USM-285 form, one

summons, an instruction sheet, a notice of submission of documents form, and

one copy of the complaint filed on July 19, 2013;

4

2.   Within thirty (30) days from the date of service of this order, Plaintiff is DIRECTED to complete the attached notice of submission of documents and to submit the completed notice to the Court with the following documents:

a.   The completed summons;

b.   One completed USM-285 form for the defendant listed above;

c.   One copy of the endorsed complaint filed in this Court; and

3.   Service upon the DOJ is appropriate when the service documents are submitted to the Court and forwarded to the United States Marshal.  Plaintiff need not attempt service on defendant.

IT IS SO ORDERED.

Dated:   __August 27, 2013__                    _____/s/ Sheila K. Oberto____
                                                UNITED STATES MAGISTRATE JUDGE