# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD BROWN,<br><br>            Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>            Defendant.<br>_____/ | Case No.  1:13-cv-01122-LJO-SKO<br><br>ORDER STRIKING PLAINTIFF'S MOTION TO SUPPLEMENT REPLY BRIEF IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 28) |

Plaintiff Leonard Brown, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this Freedom of Information Act ("FOIA") action pursuant to 5 U.S.C. § 552.6 on July 19, 2013. (Doc. 2.)  On August 6 and 25, 2014, Plaintiff filed motions to compel discovery and to compel production of a Vaughn Index.  (Docs. 15; 18.)  Defendant Department of Justice ("DOJ") filed oppositions to the motions to compel and filed a motion for summary judgment on September 8, 2014.  (*See* Doc. 19.)  Plaintiff then filed a cross-motion for summary judgment on September 26, 2014.  (Doc. 20.)  As the motions to compel discovery and to produce a Vaughn Index are directly related to the substantive issue of production of documents under the FOIA, they were continued and consolidated with the parties' motions for summary judgment.  (Doc. 26.)

On March 17, 2015, the Court recommended pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 304 that Defendant DOJ's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.  (Doc. 27.)  Plaintiff's motions to compel discovery and the production of a Vaughn Index were concurrently denied as well.  (Doc. 27.)

Plaintiff was notified that if he disagreed with the Court's Findings and Recommendations, he could file written objections with the Court and serve a copy on all parties within twenty-eight (28) days of service of the recommendation. (*See* Doc. 27, p. 22-23.) Plaintiff was not given leave to file any other document, pleading, or motion with the Court. (*See* Doc. 27, p. 22-23.)

On March 25, 2015, apparently in response to the Court's recommendation, Plaintiff filed his "Motion to Supplement Reply Brief in Support of Cross-Motion for Summary Judgment." (Doc. 28.) Plaintiff was not granted leave to file such a Motion, and is referred to the Court's recommendation of March 17, 2015, for the proper procedure by which he may object to the Court's recommendation.

If Plaintiff intends to object to the Court's recommendation of March 17, 2015, he must file written objections with the Court and serve a copy on all parties within twenty-eight (28) days of service of the recommendation. The written objection is required to be captioned "Objections to Magistrate Judge's Findings and Recommendations." 28 U.S.C. § 636(b)(1)(B). The written objection must contain all of Plaintiff's objections and arguments, and the failure to file objections within the specified time frame may waive Plaintiff's right to appeal any part of an order affirming the Court's recommendation. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). This means that Plaintiff's written objections must be *received* and *filed* by no later than Friday, March 17, 2015, and must contain *all* Plaintiff's objections.

In light of the Court's recommendation on March 17, 2015, Plaintiff's Motion to Supplement Reply Brief in Support of Cross-Motion for Summary Judgment is ORDERED STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **March 27, 2015**                         /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE